# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **APRIL CANTLEY,** | **1:15-cv-1649-LJO-JLT** |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION TO REMAND (Doc. 8)** |
| **v.** | |
| **RADIANCY, INC., AND PHOTOMEDEX, INC.,** | |
| **Defendants.** | |

## I. <u>INTRODUCTION</u>

Defendants Radiancy, Inc. and Photomedex, Inc. (collectively, "Defendants") removed this case from the Superior Court of California for the County of Kern to this Court under 28 U.S.C. §§ 1441 and 1446 ("§ 1446"), arguing that the Court has jurisdiction under 28 U.S.C. § 1332(d)(2)(A)[1], a provision of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.). Doc. 1 at 3. Plaintiff April Cantley ("Plaintiff") moves to remand the case to state court on the ground Defendants' removal was untimely. Doc. 7 at 2.

The Court finds it appropriate to rule on the motion without oral argument. *See* Local Rule 230(g). For the following reasons, the Court DENIES the motion.

## II. <u>FACTUAL AND PROCEDURAL HISTORY</u>[2]

The basis of this putative class action is Plaintiff's assertion that Defendants' hair product is

---

[1] Section 1332(d)(2)(A) provides: "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant."

[2] The following is a brief overview of only the facts necessary to resolve Plaintiff's motion to remand.

1   defective. Plaintiff filed her initial complaint in state court in March 2014. Doc 1-1 at 3, 9 ("Compl.").

2   She filed a First Amended Complaint ("FAC") in May 2014. *Id.* at 3, 36. In both, Plaintiff alleges,

3   among other things: (1) she bought Defendants' hair product for $270.00, Compl. at ¶ 21; FAC at ¶ 21;

4   (2) "[t]he exact number of potential class members is unknown . . . and can only be ascertained through

5   appropriate discovery," Compl. at ¶ 30; FAC at ¶ 30; and (3) that she seeks damages, including

6   restitution, for the economic losses she and all putative class members suffered. Compl. at 13; FAC at

7   15.

8        From May 2014 to October 2015, the parties litigated the case in state court. This resulted in

9   almost exclusively case management conferences with the court and discovery, including

10  interrogatories, requests for production ("RFPs"), and requests for admissions. *See* Doc. 1-1 at 3-6.

11       On October 29, 2015, Defendants removed the case to this Court after an internal investigation

12  established that the case satisfied CAFA jurisdiction. *See* Doc. 1 at 6. Plaintiff now moves to remand the

13  case as untimely removed in violation of § 1446(b). *See* Doc. 8 at 1.

14               **III. <u>STANDARD OF DECISION</u>**

15       Removal to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that

16  "any civil action brought in a State court of which the district courts of the United States have original

17  jurisdiction, may be removed by the defendant or defendants." "[R]emoval statutes are strictly construed

18  against removal," *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979), and the

19  party seeking removal bears the burden of establishing federal jurisdiction. *Ethridge v. Harbor House

20  Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). Accordingly, the Court must reject jurisdiction if there is any

21  doubt as to the right of removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

22       Section 1446(b) governs the timing of removal, which provides

23       two thirty-day windows during which a case can be removed: (1) during the first thirty days after
         the defendant receives the initial pleading, or (2) during the first thirty days after the defendant
24       receives "an amended pleading, motion, order or other paper from which it may first be
         ascertained that the case is one which is or has become removable."

25

2

*Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015) (quoting § 1446(b)).

"To avoid saddling defendants with the burden of investigating jurisdictional facts . . . the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005)). Likewise, § 1446(b)'s second thirty-day clock is not triggered by an indeterminate "pleading, motion, order or other paper." *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). "In other words, as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time." *Rea v. Michaels Stores, Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014). Nonetheless, although defendants must "apply a reasonable amount of intelligence in ascertaining removability," they "need not make extrapolations or engage in guesswork" when doing so. *Kuxhausen*, 707 F.3d at 1140. Defendants therefore are not "charge[d] . . . with notice of removability until they've received a paper that gives them enough information to remove." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

## IV. **ANALYSIS**

"CAFA gives federal courts jurisdiction over certain class actions . . . if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, __ U.S. __, 135 S. Ct. 547, 552 (2014). The parties do not dispute that these requirements are met here; they only dispute whether Defendants' removal was timely. *See* Doc. 8 at 12. Specifically, the parties disagree as to when Defendants could have determined that this case satisfied CAFA's $5 million amount-in-controversy threshold, thus rendering the case removable to federal court under § 1446(b). Plaintiff claims, and Defendants dispute, that her pleadings (*i.e.*, the complaint and the FAC) and various written discovery documents put Defendants on notice that she sought more than $5 million. Doc. 8 at 9; Doc. 16 at 1.

3

1    Both of Plaintiff's pleadings allege that she bought Defendants' allegedly defective hair product

2    for $270.00, but neither contains any further information concerning Plaintiff's damages. Plaintiff's

3    pleadings do not, for instance, allege the class is so numerous that CAFA's $5 million threshold would

4    be met if each class member only sought $270.00 in damages. *E.g.*, *Kuxhausen*, 707 F.3d at 1141

5    ("[B]ecause nothing in Kuxhausen's complaint indicates that the amount demanded by each [of the 200]

6    putative class member[s] exceeded $25,000, it fell short of triggering the removal clock under Section

7    1446(b)"). Notably, Plaintiff essentially provides no contrary argument or explanation beyond Plaintiff

8    stating in a wholly conclusory manner that Defendants could have "easily and readily ascertain[ed]"

9    from her pleadings that she sought in excess of $5 million. Plaintiff does not even attempt to point to

10   allegations in her pleadings that support this proposition. In the Court's view, neither the complaint nor

11   the FAC provides sufficient information from which Defendants reasonably could have ascertained that

12   Plaintiff seeks more than $5 million in damages. Simply put, Plaintiff's pleadings are indeterminate as to

13   whether CAFA jurisdiction exists. The Court therefore finds that Plaintiff's pleadings did not trigger

14   § 1446(b)'s first 30-day removal period.

15   Plaintiff's discovery papers similarly did not trigger § 1446(b)'s second 30-day removal period.

16   Plaintiff asserts—again in a wholly conclusory manner without any meaningful argument or

17   explanation—that Defendants could have ascertained from her discovery requests that her sought-after

18   damages exceeded $5 million. In support, Plaintiff alludes to various discovery documents, but only

19   provides the Court with certain RFPs and special interrogatories. *See* Doc. 8 at 7-8; Doc. 9. Plaintiff,

20   however, provides no explanation as to how Defendants could have gleaned from these (or other)

21   documents that she seeks over $5 million in damage, and the Court cannot conceive how Defendants

22   could have done so. The Court therefore finds that § 1446(b)'s second thirty-day removal period was not

23   triggered because Plaintiff's discovery documents are indeterminate as to CAFA's $5 million amount-

24   in-controversy threshold.

25   As it stands, there is nothing in Plaintiff's pleadings or discovery documents from which

4

1   Defendants could have ascertained that this case satisfied CAFA's $5 million threshold. The Court again

2   emphasizes that Plaintiff does not point to any specifics in her pleadings or discovery documents that

3   suggest otherwise, and the Court cannot locate any. Plaintiff nonetheless argues this case should be

4   remanded as untimely removed because Defendants could have conducted their own investigation and

5   assessment of Plaintiff's damages and thus they should have known (or in fact did know) that Plaintiff's

6   complained-of damages exceeded $5 million well before they removed the case. *See* Doc. 8 at 13; Doc.

7   17 at 3, 6-7.

8          Even if this is true, it is irrelevant for determining whether Defendants' removal was timely. The

9   Ninth Circuit has made clear that defendants have no duty to determine whether and when a case is

10  removable if the plaintiff's pleadings or other documents are indeterminate as to "whether the required

11  jurisdictional elements are present." *Kuxhausen*, 707 F.3d at 1139. As the court explained in *Roth*, a case

12  Plaintiff relies on in her motion to remand:

13         [A] defendant does not have a duty of inquiry if the initial pleading or other document is
           "indeterminate" with respect to removability. Thus, even if a defendant could have discovered
14         grounds for removability through investigation, it does not lose the right to remove because it did
           not conduct such an investigation and then file a notice of removal within thirty days of receiving
15         the indeterminate document.

16  720 F.3d at 1126; Doc. 8 at 13-14. Accordingly, "as long as the complaint or 'an amended pleading,

17  motion, order or other paper' does not reveal that the case is removable, the 30-day time period [under

18  § 1446(b)] never starts to run and the defendant may remove *at any time*." *Rea*, 742 F.3d at 1238

19  (emphasis added).

20         The parties do not dispute that Defendants' own investigation revealed that more than $5 million

21  is at issue in this case or that CAFA jurisdiction exists here. Because § 1446(b)'s 30-day deadlines for

22  removal were not triggered, Defendants' removal was proper and timely. *See id.* Accordingly, the Court

23  DENIES Plaintiff's motion to remand this case to state court.

24                                  **V. <u>CONCLUSION AND ORDER</u>**

25         For the foregoing reasons, the Court DENIES Plaintiff's motion to remand (Doc. 8). Plaintiff's

                                                    5

request for fees and costs associated with bringing that motion is DENIED.

IT IS SO ORDERED.

Dated:   **December 18, 2015**          **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE