# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL CANTLEY, individually and behalf of all other similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RADIANCY, INC., et al.,<br><br>　　　　　Defendants. | Case No.: 1:15-cv-01649 - LJO – JLT<br><br>ORDER STAYING CASE |

　　　At the hearing on the motion to change venue, the Court learned that in the similar matter, Mouzon, et al., v. Radiancy, Inc., et al., case number 1:15-cv-1142 CKK, proceeding in the United States District Court in the District of Columbia, Defendants have filed a motion to dismiss. This motion is based upon statute of limitations grounds, which, if successful, would fully dispose of that case. The Mouzon parties have fully briefed the motion to dismiss and they have been awaiting a decision by the court for several months.

　　　Clearly, if the D.C. court dismisses the Mouzon action, this would moot the change of venue currently confronting the Court. Alternatively, if the Court grants the transfer request and then the D.C. court grants the motion to dismiss in Mouzon, the Cantley matter would be orphaned in D.C. without any justification for proceeding in that forum. Thus, the Court finds that staying the matter pending the D.C. court's decision would resolve that conundrum.

　　　A district court has the inherent power to stay its proceedings. This power to stay is

"incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936); see also Gold v. Johns–Manville Sales Corp., 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand).  This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254–55.  In determining whether to issue a stay, courts consider the potential prejudice to the non-moving party; the hardship or inequity to the moving party if the action is not stayed; and the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.1962).

      The Court finds the parties' and the Court's resources would be preserved if the matter was stayed pending a determination of whether the Mouzon matter will be dismissed.  Moreover, the Court is unaware of any hardship or inequity that would result thereby.  Thus, the Court **ORDERS**:

      1.    The case is **STAYED**;

      2.    Every 60 days, the parties **SHALL** file a joint report setting forth the status of the matter and detailing whether the Court should lift the stay;

      3.    Within 10 days of the decision on the pending motion to dismiss issued in the Mouzon matter, counsel **SHALL** file a joint report setting forth the outcome of the motion to dismiss;

      4.    All pending dates and hearings are **VACATED**.

IT IS SO ORDERED.

   Dated:   **May 9, 2016**             **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE